UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LESLIE FOWLER,

    Plaintiff,

v.                                  CASE NO. 8:09-cv-1368-T-27MAP

MICHAEL J. ASTRUE, Commissioner

of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on the Unopposed Motion to Substitute Party by Franklin J. Fowler and Barbara L. Fowler who are the parents of Plaintiff Leslie K. Fowler (doc. 20). Sadly, Leslie Fowler passed away during the pendency of this lawsuit. The Plaintiff's death certificate establishes that Plaintiff had never been married and had no children. Pursuant to Florida law, the father and the mother are the heirs for any benefits. The Plaintiff's parents posit in the pending motion that the Disability Insurance Benefits and Supplemental Security Income benefits their son sought through this action would become assets that Plaintiff would pass on to his successors. After review, however, I find that Plaintiff's claim for Supplemental Security Income (SSI) extinguished upon his death, and that Mr. and Mrs. Fowler's substitution is limited to seeking review of their son's denial for disability insurance benefits. *See* Fed. R. Civ. P. 25(a) (substitution limited to claims not extinguished by the death of a party); 42 U.S.C. § 1383(b)(1)(A); *Smith v. Califano*, 597 F.2d 152 (9th Cir. 1979), *cert. denied*, 444 U.S. 980 (finding plain language of then operative version of 42

U.S.C. §1383(b) and its legislative history made clear that Congress did not intend that commissioner make posthumous underpayments of Title XVI or SSI benefits to anyone except an eligible spouse). *See generally Wasilauskis v. Astrue*, 2009 WL 861492 (D. Me. March 30, 2009) (finding mother did not meet statutory or regulatory criteria for entitlement to retroactive SSI benefits on account of deceased son's claim because 42 U.S.C. §1381(b)(1)(A) allows SSI benefits payable only to a surviving spouse or a deceased claimant's parent only for months of eligibility during which the deceased underpaid recipient was a "child" and "child" is defined as under twenty-two years old and a student regularly attending school or college or training that is designed to prepare the child for a paying job"); *Lang v. Astrue*, 2008 WL 4829946 (S.D.N.Y. November 5, 2008) (finding daughter of deceased claimant for SSI payments not entitled to seek review of denial of her mother's claim because she was not claimant's surviving spouse); *Torres v. Barnhart*, 2002 WL 31932046 (S.D.N.Y. December 31, 2002) (dismissing plaintiff's claim for SSI benefits and denying motion for substitution because plaintiff was unmarried and had no surviving spouse); *Agie v. Sullivan*, 1989 WL 281963 (W.D. Pa. December 18, 1989) (recognizing that object of 42 U.S.C. §1383(b)(1)(A) is to provide for needs of eligible applicant and his spouse while applicant is living and that estate is not entitled to underpayment because needs of individual are no longer existent).

Accordingly, it is

RECOMMENDED:

1. The Unopposed Motion to Substitute Party (doc. 20), which this Court construes as a motion for substitution pursuant to Fed. R. Civ. P. 25(a), be GRANTED to the extent that Mr. and Mrs. Fowler's substitution is limited to seeking review of their son's denial for disability insurance benefits. Plaintiff's claim for Supplemental Security Income (SSI) extinguished upon his death.

2. The Clerk be directed to substitute Franklin and Barbara Fowler for Leslie Fowler as Plaintiffs on the docket sheet.

IT IS SO REPORTED in chambers at Tampa, Florida on January 14, 2010.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).