UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FRANKLIN FOWLER and
BARBARA FOWLER,**

       **Plaintiffs,**

v.                                    **Case No: 8:09-CV-1368-T-27MAP**

**MICHAEL J. ASTRUE,
Commissioner of Social Security,**

       **Defendant.**
_____/

## ORDER

**THIS CAUSE** came on for consideration upon the Report and Recommendation submitted by the Magistrate Judge (Dkt. 30) recommending that the decision of the Defendant Commissioner denying Plaintiffs' decedent's application for Social Security disability benefits be affirmed. Plaintiffs filed objections to the R&R (Dkt. 31).

Among other objections, Plaintiffs complain that (1) although the administrative law judge ("ALJ") found that the severe impairments of Plaintiffs' decedent ("claimant") included "obesity, degenerative joint disease of the knees, a Depuytren's contracture of the left index and small fingers, osteoarthritis of the shoulders and insulin dependent mellitus" (R. at 18), the ALJ failed to mention in his decision a statement in Dr. Powell's April, 2005 report that claimant had mild to moderate swelling of osteoarthritis with partial flexion deformity on several digits or to specifically acknowledge that claimant suffered Dupuytren's contracture in the fingers of *both* hands;[1] and (2) although stating at the administrative hearing that he would give less weight to Dr. Ijewere's August,

---

[1] Claimant's symptoms were more severe in the fingers of his left hand (R. at 274, 692-94), on which (as the ALJ noted [R. 21]) claimant had surgery in 2006.

2004 report due to inaccuracies in the report, the ALJ in fact gave it great weight.

The ALJ relied on evidence including (a) the opinions of Drs. Ijewere and Powell that claimant had full range of motion and 5/5 strength in his extremities and normal dexterity in both hands, (b) claimant's self-reported activities of daily living, and (c) the absence of any evidence of significant muscle atrophy, muscle spasm, a motor or sensory loss to discredit claimant's allegations of totally debilitating symptomology. The ALJ's failure to specifically mention claimant's right hand or the statement in Dr. Powell's 2005 report that claimant suffered mild to moderate swelling of osteoarthritis with partial flexion deformity on several digits does not constitute reversible error. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [the district court] to conclude that [the ALJ] considered [claimant's] medical condition as a whole.'") (citation omitted).

At the administrative hearing, counsel expressed concern about the reliability of Dr. Ijewere's report on the grounds that (1) it referred to claimant, Leslie Fowler, as a female, a fact which created doubt in counsel's mind whether Dr. Ijewere may have confused claimant with another patient, and (2) it appeared inconsistent with the reports of other examining physicians, as it reported no limitations of motion and did not mention that claimant had "severe arthritis with Depuytren's contracture." R. 683. An examination of the report confirms that Dr. Ijewere did not mention the Depuytren's contracture and reported, as to the major joints, "[n]o signs of tenderness to DIP [or] PIP." (R. 444). Counsel did not object to the admission of the report but requested that the ALJ give it lesser weight. R. 683.

The ALJ agreed to do so. R. 683-84. More specifically, the ALJ stated that, as the report

2

appeared to contain errors (including the erroneous gender reference, which, the ALJ stated, was probably due to Dr. Ijewere's dictation of the report and to claimant's first name), he would admit the report with the caveat that "at such time as any weight is assigned [he would] bear in mind" counsel's concerns. R. 684.

In short, the ALJ did not promise to give the report little weight but only to consider counsel's concerns in deciding what weight to give it. Given the the weight the ALJ gave to Dr. Ijewere's report in his decision and consistency of the report with other medical evidence relied on by the ALJ (*e.g.*, the reports of Drs. Powell, Leal, and Gadea), the ALJ evidently decided that counsel's concerns were unwarranted. That consistency also confirms the Magistrate Judge's conclusion that the ALJ's decision was supported by substantial evidence.

After careful consideration of the Report and Recommendation in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is **ORDERED** that:

1) The Report and Recommendation (Dkt. 30) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2) The decision of the Defendant Commissioner is **AFFIRMED**.

3) The Clerk is directed to enter judgment in favor of the Defendant Commissioner.

4) The Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida, on this 29th day of March, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

3